UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASA STEINARSDOTTIR a/k/a<br>ASA STEINARS,<br>Ranargata 12A, Reykjavik,<br>101 Iceland,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>TRIPSCOUT, INC.,<br>200 Massachusetts Ave NW, 8th Floor,<br>Washington D.C.,<br><br>　　　　　　Defendant. | Case No: |

## COMPLAINT

Plaintiff Asa Steinarsdottir a/k/a Asa Steinars ("*Plaintiff*" or "*Steinars*"), by and through her undersigned counsel, for her Complaint against Defendant Tripscout, Inc. ("*Defendant*" or "*Tripscout*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Plaintiff created a video of herself walking alongside several partially submerged glaciers in Iceland ("*Video 1*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant is a travel company which owns and operates various social media accounts which Defendant utilizes in conjunction with its commercial activities.

4. Defendant owns and operates a social media account on Instagram at www.instagram.com under the name "antarcticaexplores" ("*IG Account 1*").

5. Defendant owns operates a social media account on Instagram at www.instagram.com under the name "iceland.explore" ("*IG Account 2*").

1

6. Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed a discernable segment from Plaintiff's Video 1 on IG Account 1 and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff Asa Steinarsdottir a/k/a Asa Steinars is an individual who is a citizen of Iceland and who resides in Ranargata, Iceland.

8. Upon information and belief, Defendant Tripscout, Inc., is a Delaware corporation with a principal place of business at 200 Massachusetts Ave NW, Washington D.C.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in the District of Columbia.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

12. Plaintiff who is the legal and rightful owner of certain copyrighted material which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos as well as her photographs while many others are the subject of pending copyright applications.

15. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

16. Plaintiff's photographs are original, creative works in which Plaintiff owns

protectable copyright interests.

17.     On December 6, 2022, Plaintiff authored Video 1. A copy of a still frame image from Video 1 is attached hereto collectively as <u>Exhibit 1</u>.

18.     In creating Video 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to create the video recording.

19.     On December 20, 2022, Video 1 was registered by the USCO under Registration No. PA 2-393-517.

20.     Plaintiff created Video 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

21.     Plaintiff published Video 1 by displaying same on her Instagram account at URL: https://www.instagram.com/reel/Cl0XBqnhNii/?igshid=YmMyMTA2M2Y%3D.

22.     Plaintiff authored various videos depicting her exploratory activities as well as her recreational engagements in Iceland. Copies of the screengrabs including still frame images from Plaintiff's videos are attached hereto collectively as Exhibit 1. (*Exhibit 1-Video #2-35*).

23.     Plaintiff authored various photographs depicting her exploratory activities as well as her recreational engagements in Iceland. Copies of the screengrabs of the images are attached hereto collectively as Exhibit 2. (*Exhibit 2-Photograph #1-3*).

24.     Plaintiff's business is reliant on the engagement and/or interactions her work receives from the general public, specifically on her social media accounts, through which Plaintiff leverages support for and furthers her commercial pursuits.

   B.     **Defendant's Infringing Activity**

25.     IG Account 1 is associated with Defendant.

26.     Upon information and belief, Defendant has exclusive access to post content on IG Account 1.

27.     IG Account 2 is associated with Defendant.

28.     Upon information and belief, Defendant has exclusive access to post content on IG

Account 2.

29. Defendant uses IG Account 1 as well as IG Account 2 (hereinafter collectively "*Accounts*") in furtherance of its business activities from which, upon information and belief, Defendant financially benefits.

30. The Accounts are used as a part of and to advance Defendant's commercial enterprise.

31. In March 2021, Plaintiff became aware of the widespread and unlawful usage of her copyrighted material by Defendant on IG Account 2.

32. Defendant's unlawful usage tracked closely with Plaintiff's publication of her original content, by which Defendant would copy for use in its travel services.

33. To avoid the need for judicial intervention, Plaintiff notified Defendant of said infringements on March 22, 2021 (*Exhibit 5-Email #1*).

34. Despite the discussions that ensued from Plaintiff's March 2021 notice, no resolution of the unlawful and widespread use of Plaintiff's copyright protected work by Defendant resulted from Plaintiff's efforts. (*Exhibit-Email #2-8*).

35. Thereafter, despite being on notice of the need to obtain Plaintiff's authorization and/or a valid license from Plaintiff before utilizing her copyright protected work, Defendant infringed upon Video 1 by displaying a discernable segment that captures the heart of the video on IG Account 1 at URL: https://www.instagram.com/p/Cl2ugnqDNuA/. A copy of a screengrab of IG Account 1 including the same still frame image from Video 1 is attached hereto as Exhibit 3.

36. Further, Defendant continues to infringe upon Plaintiff's copyrighted work.

37. Defendant's continued use of Plaintiff's work is indicative of the willful nature of Defendant's conduct. (*Exhibit 4-Proof of Usage #34*).

38. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Video 1 on the IG Account 1.

39. Plaintiff first observed and actually discovered the Infringement on December 12, 2022.

40. Defendant utilized discernable portions and/or exact reproductions of Plaintiff's Video(s) 2-35 on IG Account 2.

41. Defendant displayed on/or reproduced exact copies of Photograph(s) 1-3 on IG Account 2.

42. Copies of the screengrabs of IG Account 2 including the same still frame images from Plaintiff's Video(s) 2-35 are attached hereto as Exhibit 4. (Exhibit 4-Proof of Usage #1-34).

43. Copies of the screengrabs of IG Account 2 including Photograph(s) 1-3 are attached hereto collectively as Exhibit 4. (*Exhibit 4-Proof of Usage #35-39*).

44. Plaintiff submits the additional usages of her copyrighted material by Defendant as evidence of the willfulness of Defendant's Infringement in both the continuous nature of Defendant's conduct and the expansive scope of the unlicensed use of Plaintiff's work.

45. Upon information and belief, Video 1 was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to Video 1 (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

46. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

47. The Infringement is a discernable copy of Plaintiff's original video that was directly copied and displayed by Defendant on IG Account 1.

48. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs and/or Videos.

49. Upon information and belief, Video 1 was willfully and volitionally posted to the IG Account 1 by Defendant.

50. Upon information and belief, Defendant is not registered as an internet service

5

provider with the USCO pursuant to 17 U.S.C. §512.

51. On information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

52. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

53. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

54. Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

55. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

56. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

57. Upon information and belief, the Infringement increased traffic to IG Account 1 and, in turn, caused Defendant to realize an increase in its travel service revenues.

58. Upon information and belief, a large number of people have viewed the unlawful copy of Video 1 on IG Account 1.

59. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

60. Plaintiff created Video 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

61. Defendant's use of Video 1 harmed the actual market for the Video 1.

62. Defendant's use of Video 1, if widespread, would harm Plaintiff's potential market

for Video 1.

63. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

64. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

65. Video 1 is an original, creative work in which Plaintiff owns a valid copyright.

66. Video 1 is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

67. Plaintiff has not granted Defendant a license or the right to use the Video 1 in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

68. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

69. Defendant's reproduction of Video 1 and display of Video 1 constitutes willful copyright infringement.

70. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video 1 in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video 1 without Plaintiff's consent or authority, by using it on IG Account 1.

71. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

72. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

73. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

74. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to Video 1 in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed Plaintiff's copyright interest in and to Video 1 by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

   c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

   d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

   e. for pre-judgment interest as permitted by law; and

   f. for any other relief the Court deems just and proper.

DATED: May 30, 2023

                                          **SANDERS LAW GROUP**

                                        By:   */s/ Craig Sanders*
                                        Craig Sanders, Esq.
                                        333 Earle Ovington Blvd, Suite 402
                                        Uniondale, NY 11553
                                        Tel: (516) 203-7600
                                        Email: csanders@sanderslaw.group
                                        File No.: 126999

                                        *Attorneys for Plaintiff*