UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASA STEINARSDOTTIR, a/k/a ASA STEINARS,<br><br>            Plaintiff,<br><br>            v.<br><br>TRIPSCOUT, INC.,<br><br>            Defendant. | Case No. 23-CV-1528 (CRC) |

**OPINION AND ORDER**

Plaintiff Asa Steinarsdottir, or Steinars, shared a series of photographs and videos of her native Iceland on her public Instagram account, which Defendant Tripscout, a travel company, then copied and shared across its own social media platforms. See Second Am. Compl. ("SAC"), ECF No. 18-1, ¶¶ 2–3, 9–10. In December 2022, Ms. Steinars registered one of her videos with the U.S. Copyright Office, id. ¶ 36, and in May 2023, brought suit against Tripscout seeking damages for one instance of copyright infringement and appending 39 other instances of Tripscout copying her then-unregistered works. See Compl., ECF No. 1, Exs. 3, 4. She timely amended her complaint in June 2023, with two additional works she had registered and "many others . . . pending copyright applications." See First Am. Compl., ECF No. 7, ¶¶ 16, 76. After receiving Tripscout's answer to the first amended complaint, the Court held an initial scheduling conference and set discovery deadlines for the case. See Scheduling Order, ECF No. 14.

While discovery was underway, Steinars moved for leave to file a second amended complaint, now claiming 35 registered works and 44 alleged instances of copyright infringement. SAC ¶¶ 35–104; SAC Ex. 3. The Court granted leave to amend in January 2024 and the second amended complaint became operative. See Min. Order (Jan. 3, 2024). Though Tripscout did not oppose that amendment, it moved to dismiss the second amended complaint, raising both legal

deficiencies in the pleadings and affirmative defenses. Mot. Dismiss at 6–17. Steinars then moved for leave to file a third amended complaint to address some of the identified deficiencies. See Reply in Support of Mot. Amend at 4. This time, Tripscout opposed the amendment, claiming futility and undue prejudice. Opp'n to Mot. Amend at 5. It then filed a motion to vacate the Court's scheduling order and stay discovery pending resolution of the motion to dismiss. See Mot. to Vacate Initial Scheduling Order and to Stay Discovery ("Mot. Stay").

Soon thereafter, the parties filed a joint notice of a discovery dispute in which Steinars complained that Tripscout's discovery responses had been "woefully inadequate." Joint Notice of Discovery Dispute at 2. Though Tripscout pledged to supplement its responses, it also asserted that the "extensive discovery sought 'immediately' by Plaintiff would needlessly increase the expense and burden of this litigation when much if not all of the claims in Plaintiff's Second Amended Complaint may be dismissed and when Plaintiff is presently seeking leave to file yet a fourth operative complaint." Id. at 10. In light of this dispute, the parties jointly requested a 90-day extension of the looming fact discovery deadline, currently set for April 17, 2024. Joint Motion to Amend Scheduling Order, ECF No. 36.

Accordingly, now before the Court are [Dkt. No. 21] Defendant's Motion to Dismiss, [Dkt. No. 26] Plaintiff's Motion for Leave to File Third Amended Complaint, [Dkt. No. 27] Defendant's Motion to Stay Discovery, [Dkt. No. 28] Plaintiff's Motion for Leave to File Sur-Reply, and the parties' [Dkt. No. 33] Joint Notice of Discovery Dispute and [Dkt. No. 36] Joint Motion to Amend Scheduling Order. For the reasons explained below, the Court will deny the motion to dismiss, grant the motion for leave to amend the complaint and motion to amend the scheduling order, and deny the remaining motions as moot. The parties are instructed to meet and confer and attempt to resolve any discovery disputes that may persist following this Order.

I. **Legal Standards**

Tripscout moves to dismiss the second amended complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a 12(b)(6) motion, the complaint must present "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor but is not required to accept the plaintiff's legal conclusions as correct." Sissel v. U.S. Dep't of Health & Hum. Servs., 760 F.3d 1, 4 (D.C. Cir. 2014) (internal citation omitted).

Concurrent with the motion to dismiss, Steinars seeks leave to amend her complaint. Under Rule 15, leave to amend a complaint is to be "freely given when justice so requires," but may be denied due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). "[F]or practical purposes," review of a motion for leave to amend for futility is "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." See In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 215–16 (D.C. Cir. 2010). "[T]he non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

**II.  Analysis**

The Court begins with the motion to dismiss, as Tripscout seeks to stay discovery while this motion is pending, see Mot. Stay ¶ 23, and the proposed amended complaint must survive it for the case to proceed.  Finding that each argument for dismissal would fail to defeat the proposed amended complaint, the Court will then determine whether accepting the amendment would nonetheless subject Tripscout to undue prejudice.

A.  Motion to Dismiss

In support of its motion to dismiss the second amended complaint, and its argument to reject the proposed third amended complaint as futile, Tripscout contends that: (1) the complaint fails to plead the time period of the alleged infringement; (2) the applicable statute of limitations has lapsed as to many of the alleged infringements; and (3) Tripscout posted the content at issue pursuant to a valid license agreement and therefore cannot be liable for copyright infringement.  Mot. Dismiss at 6–7; see also Opp'n to Mot. Amend at 6–7 (reasserting these points as futility arguments).

*1.  Time Period*

Tripscout first contends that the second amended complaint must be dismissed because it "fails to identify or allege 'the time period during which the defendant infringed the copyright.'" Mot. Dismiss at 7 (quoting DigitAlb, SH.A v. Setplex, LLC, 284 F. Supp. 3d 547, 554 (S.D.N.Y. 2018)).  Tripscout cites authority from this District supporting that contention.  See Reply in Support of Mot. Dismiss at 3–4 (citing Potter v. Toei Animation Inc., 839 F. Supp. 2d 49, 53 (D.D.C. 2012) ("A copyright-infringement claim must allege the existence of specific works subject to the copyright claim, that the copyrights are registered, and the acts and time period during which the defendant allegedly infringed the copyright."), aff'd, No. 12-5084, 2012 WL 3055990 (D.C. Cir. July 18, 2012)).  Steinars responds with authority of her own describing the elements of a

copyright-infringement claim as simply "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Stenograph L.L.C. v. Bossard Assocs., Inc., 144 F.3d 96, 99 (D.C. Cir. 1998) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). The Court need not resolve this dispute, however, because, as Tripscout acknowledges, the proposed third amended complaint now "plead[s] the dates of the alleged infringements." Opp'n to Mot. Amend at 7; see also Prop. Third Am. Compl. ("TAC"), ECF No. 26-1, at 24–28 (compiling all 41 works and 53 claimed instances of infringement with dates of Tripscout's publication). And because the proposed amendments would cure any deficiency, dismissal on this ground is unwarranted. See Sculimbrene v. Reno, 158 F. Supp. 2d 8, 17 & n.6 (D.D.C. 2001) (denying a motion to dismiss where the plaintiff submitted a proposed amended complaint and "most of the pleading defects . . . c[ould] be cured by amendment").

       2. *Statute of Limitations*

Tripscout next contends that the statute of limitations has run on many of Steinars' claims. Mot. Dismiss at 8–12. The Copyright Act requires an action for copyright infringement to be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The parties agree that a copyright infringement claim accrues "when one has knowledge of the infringement or is chargeable with such knowledge." Oppenheimer v. WL Mag. Grp., LLC, No. 20-CV-1451 (ABJ), 2021 WL 6849089, at *3 (D.D.C. Mar. 4, 2021) (quoting Tech 7 Sys., Inc. v. Vacation Acquisition, Inc., 594 F. Supp. 2d 76, 83 (D.D.C. 2009)); see Mot. Dismiss at 8; Opp'n to Mot. Dismiss at 8. They disagree, however, on whether Steinars should be charged with knowledge of Tripscout's allegedly infringing content more than three years before she brought suit.

Exhibits attached to the proposed amended complaint indicate that Steinars was "tagged" each time Tripscout reposted her Instagram posts. See TAC Ex. 3 (Infringement Screenshots). As a

5

result, Tripscout contends the facts here are "nearly identical" to Color Image Apparel, Inc. v. Jaeschke, No. 2:21-CV-7187, 2022 WL 2643476, at *3–5 (C.D. Cal. June 7, 2022), where the court determined, at the summary judgment stage, that the statute of limitations had run on a plaintiff who had been "tagged" in the defendant's allegedly infringing content and "liked" one such photo more than three years prior to suit. See Opp'n to Mot. Amend at 8–9. Steinars counters that there is "no evidence . . . [she] received the in-application tags . . . or any other evidence that Plaintiff viewed the infringements before the date set forth in the SAC" and that any such evidence cannot be considered at the motion to dismiss stage. Opp'n to Mot. Dismiss at 9. The Court agrees. Whether Steinars had actual notice of the infringing content, as the plaintiff did in Color Image, presents a factual issue that cannot be resolved on the face of the complaint. And though Tripscout appends purported evidence of its claim of notice to its opposition to the motion for leave to amend, see Opp'n to Mot. Amend Ex. A, this presentation of extra-complaint evidence only further demonstrates the factual nature of this inquiry. The Court must disregard such evidence at the motion to dismiss stage in any case or else convert the motion to one for summary judgment. See Hurd v. District of Columbia, 864 F.3d 671, 686 (D.C. Cir. 2017) (citing Fed. R. Civ. P. 12(d)).

     Tripscout also asserts that nine alleged infringements are time barred from the face of the complaint because they were first pled in the second or third amended complaints, more than three years after Steinars claims she discovered them. Opp'n to Mot. Amend at 3–4, 9–10. But under Rule 15, amendments relate back to the date of the original pleading if they "assert a claim or defense that arose out of the conduct, transaction or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). As Tripscout acknowledges, the initial complaint appended all of the alleged instances of infringement that Tripscout claims are time barred and was filed within three years of each alleged date of discovery. See Opp'n to Mot. Amend at 3–4, 11; see also Compl. Ex.

6

4 (Proof of Usage), at 9, 13, 18, 20, 21, 24, 25, 32, 33; TAC at 24–28.  A claim of copyright infringement clearly arises out of the same conduct alleged in the original complaint, that is, unlicensed usage of Steinars' copyrighted material.  See Compl. ¶ 44.  That the images were previously unregistered, and therefore could not support a claim of copyright infringement, see 17 U.S.C. § 411(a), does not change the analysis.  So, accepting the alleged dates of discovery as true, the statute of limitations does not bar these claims.

     3.  License

Lastly, Tripscout contends that dismissal is appropriate because Instagram's Terms of Use and Privacy Policy granted it a license to repost the content at issue.  Mot. Dismiss at 16 (citing Spinelli v. Nat'l Football League, 96 F. Supp. 3d 81, 121 (S.D.N.Y. 2015) ("A defendant may raise a complete defense to a copyright infringement claim by presenting the court with the license or sublicense on a motion to dismiss[.]")).  Instagram's Terms of Use read:  "When you share, post, or upload content that is covered by intellectual property rights (like photos or videos) on or in connection with our Service, you hereby grant to us a non-exclusive, royalty free, transferable, sub-licensable, worldwide license to host, use, distribute, modify, run, copy, publicly perform or display, translate, and create derivative works of your content (consistent with your privacy and application settings)."  Mot. Dismiss Ex. A, at 4.[1]  Tripscout contends that this language

---

[1] The Court will take judicial notice of Instagram's Privacy Policy and Terms of Use for the limited purpose of resolving Tripscout's motion to dismiss, given that these documents "are publicly accessible; there is no dispute as to the authenticity of the items; and while the meaning of the terms in the items may be in dispute, the existence of the terms themselves is not."  McGucken v. Newsweek, LLC, 464 F. Supp. 3d 594, 600 n.2 (S.D.N.Y. 2020) (citing Fed. R. Evid. 201(b)(2); Force v. Facebook, Inc., 934 F.3d 53, 59 n.5 (2d Cir. 2019) (finding that Facebook's publicly available Terms of Service and Community Standards were subject to judicial notice)).  Though Steinars contends the policies are inappropriate for judicial notice because some of the alleged infringement took place before their effective date, she does not appear to question the authenticity of the policies Tripscout appends as exhibits to its motion.  See Opp'n to Mot. to Dismiss at 12.

"unequivocally state[s] that users of Instagram [have] a broad, 'sublicensable right' to use content that [any] user posts on the platform" publicly.  Mot. Dismiss at 13.  The Court concludes, as two courts in the Southern District of New York have, that this language alone is insufficient to constitute a sublicense at the motion to dismiss stage.  See McGucken v. Newsweek, LLC, 464 F. Supp. 3d 594, 603–04 (S.D.N.Y. 2020); Sinclair v. Ziff Davis, LLC, No. 18-CV-790 (KMW), 2020 WL 3450136, at *1 (S.D.N.Y. June 24, 2020).  While Instagram clearly granted *itself* a license to use Steinars' content, the policies do not unambiguously convey that license to all of Instagram's users.  And while the Privacy Policy may state that "[p]ublic content can . . . be seen, accessed, reshared or downloaded," Mot. Dismiss Ex. A, at 44, the Terms of Use state that Instagram users cannot "do anything that violates someone else's rights, including intellectual property rights" and that users "represent that [they] own or have obtained all necessary rights to the content [they] post or share," id. at 4.  Drawing all reasonable inferences in favor of the plaintiff at the pleading stage of the case, the Court finds that Instagram's policies, standing alone, did not unambiguously grant Tripscout the right to share Steinars' copyrighted works on its own page.  The Court will revisit this issue as necessary at summary judgment.

      The Court will therefore deny Tripscout's motion to dismiss the second amended complaint, deny as moot the motion to stay discovery pending resolution of the motion to dismiss, and find that granting Steinars' motion for leave to amend would not be futile.  Accordingly, the Court turns to Tripscout's secondary argument that granting leave to amend would subject it to undue prejudice.  Opp'n to Mot. Amend at 11–12.

---

The Court expresses no opinion on which version of the Terms of Use applies to particular alleged infringements.

B.  Undue Prejudice

Tripscout contends that Steinars' failure to include all of her claimed instances of infringement in the initial and previous amended complaints constitutes not only an undue delay but a "[r]epeated failure to cure deficiencies by amendments previously allowed." Id. at 11 (quoting Pilkin v. Hogan Lovells US LLP, No. 17-CV-2501 (RDM), 2021 WL 950082, at *6 (D.D.C. 2021)). Tripscout further claims it is prejudiced by this amendment because of the considerable time it has spent responding to the prior complaints and discovery requests and that now it would have to "start over." Id. at 12.  The Court disagrees.

"Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." Does I through III v. District of Columbia, 815 F. Supp. 2d 208, 215 (D.D.C. 2011) (quoting Dove v. Wash. Metro. Area Transit Auth., 221 F.R.D. 246, 248 (D.D.C. 2004)). In evaluating such claims, courts generally consider factors like "whether amendment of a complaint would require additional discovery," "the actions of other parties and the possibility of any resulting prejudice," and whether the amendment would affect the opposing party's "choice of counsel and litigation strategy." Atchinson v. District of Columbia, 73 F.3d 418, 426–27 (D.C. Cir. 1996). Here, Tripscout cannot seriously contend that the amendment would require additional discovery or affect its litigation strategy when, on its own admission, all of the claimed instances of infringement have been previously included in prior complaints at least as unlicensed usage.  See Opp'n to Mot. Amend at 4, 11.  While Steinars may have somehow mistakenly omitted nine claimed infringements from her second amended complaint, these claims had already been raised in the first amended complaint such that Tripscout included them in its motion to dismiss. Mot. Dismiss at 5. And though Tripscout claims the delay in receiving a complete complaint is undue, given that Steinars

9

discovered the majority of the allegedly infringing content before filing the initial complaint, she was required to "comply with § 411(a)'s requirement that 'registration of the copyright claim has been made'" before pursuing her claims for infringement in court. Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 887–88 (2019).  So, while there may have been delay, it was not unduly prejudicial to Tripscout.

Accordingly, the Court will grant Steinars leave to file the proposed third amended complaint.

### III.  Conclusion

For these reasons, it is hereby

**ORDERED** that [Dkt. No. 21] Defendant's Motion to Dismiss is DENIED.  It is further

**ORDERED** that [Dkt No. 26] Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED.  It is further

**ORDERED** that [Dkt No. 27] Defendant's Motion To Vacate Initial Scheduling Order and to Stay Discovery is DENIED as moot.  It is further

**ORDERED** that [Dkt No. 28] Plaintiff's Motion for Leave to File Sur-Reply is DENIED as moot.  It is further

**ORDERED** that Defendant shall respond to the Third Amended Complaint by May 9, 2024.  It is further

**ORDERED** that [Dkt No. 36] Joint Motion to Amend Scheduling Order is GRANTED.  The deadline for fact discovery is extended to July 16, 2024, and the deadline for expert discovery is extended to August 27, 2024.  The parties are further directed to meet and confer regarding their outstanding discovery disputes in light of this Order, and to work in good faith to resolve any

lingering disputes cooperatively. Failing that, the parties may invoke the dispute resolution procedures set forth in the Scheduling Order.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>April 9, 2024</u>